IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSEANNA T. SMITH, as Guardian for
ALLEY MICHAEL HOSETOSAVIT; and
GILBERT MONTOYA, as Guardian for
ENRIQUE MONTOYA,

      Plaintiffs,

     v.                                                            No. 13-cv-01130 WJ-LAM

EMERALD CORRECTIONAL MANAGEMENT,
LLC, a Limited Liability Company; ARTHUR
ANDERSON, Individually and in his official capacity
as Warden for the Lincoln County Detention Center;
BOARD OF COMMISSIONERS OF THE COUNTY
OF LINCOLN as the governing body of THE COUNTY
OF LINCOLN, NEW MEXICO,

      Defendants.

**MEMORANDUM OPINON AND ORDER
DISMISSING CASE UNDER RULE 41(b)**

THIS MATTER comes before the court sua sponte. Plaintiffs challenge the conditions of their confinement at the Lincoln County Detention Center, alleging that they were denied adequate medical care.

**BACKGROUND**

The complaint in this case was filed in federal court over two and a half years ago, on November 25, 2013. In early 2014 after summonses were issued, counsel for Plaintiffs moved to withdraw representation based on deterioration of the attorney/client relationship. Doc. 3. The Court initially denied the motion to withdraw, citing counsel's failure to comply with local rule requirements. Doc. 4. On July 16, 2014, the Court entered an Order to Show Cause, noting that

Plaintiffs had taken no action to advance the case on the Court's docket nor had counsel filed an amended motion to withdraw. In that Order, the Court required either that Plaintiffs show cause why their claims should not be dismissed for failure to prosecute or alternatively, that counsel file a rule-compliant motion to withdraw by August 1, 2014. Doc. 5.

On July 30, 2014, Plaintiffs' counsel filed an Amended Motion to Withdraw as Attorney. On August 21, 2014, the Court granted the motion, noting that the motion contained certification that Plaintiffs had been served a copy of the Amended Motion to Withdraw by the United States Postal Service at their addresses. Doc. 7 ("August 2014 Order"). The August 2014 Order also ordered that (1) the Clerk of Court serve Plaintiffs with the Order granting the motion at their last known addresses and (2) that Plaintiffs inform the Court as to whether they intend to proceed *pro se*, or otherwise have their attorney enter an appearance, by September 12, 2014. *Id.* The Court's docket indicates that the Order was returned as undeliverable on September 15, 2014. Doc. 8.

Plaintiffs never responded to the Court's August 2014 Order, and this case has been dormant since that time.

**DISCUSSION**

Pursuant to the Federal Rules of Civil Procedure 41(b) a, a court may dismiss an action with prejudice if the plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Rule 41(b). In the Tenth Circuit, "[a] court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include (1) the degree of actual prejudice to the Defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the

efficacy of lesser sanctions. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) and *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). Although the *Ehrenhaus* factors were originally applied in evaluating failure to comply with discovery orders, "Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria." *Mobley*, 40 F.3d at 341.  A court "undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice." *Reed*, 312 F.3d at 1195 (quotation omitted).  In addition, federal courts possess inherent powers necessary to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 631 (1962); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). Thus, the Court may also rely on these powers to dismiss this case sua sponte for want of prosecution. *Link v. Wabash,* 370 U.S. at 629-30; *Shotkin v. Westinghouse Electric & Mfg. Co*., 169 F.2d 825, 826 (10th Cir. 1948).[1]

     Plaintiffs appear to have abandoned their lawsuit, based on a failure to take any action to advance this case on the court's docket for almost two years.  This conduct clearly falls within the bounds of Fed.R.Civ.P.41(b) and thisCourt's analogous local rule.  The only question is whether dismissal is appropriate, based on the *Ehrenhaus* criteria.  Because the August 2014 Order was returned as undeliverable (*see* Doc. 8), Plaintiffs were not aware that they were required to advise the Court of how they wished to proceed, and also were not aware that their case could be dismissed if they failed to respond. Nevertheless, the Court finds that the *Ehrenhaus* criteria are satisfied. Defendants have been facing this lawsuit since November 2013,

---

[1] The Court's inherent power to dismiss sua sponte for failure to prosecute is not clearly abrogated by language in Rule 41(b) that appears to require a motion from a party. *Link v. Wabash R.R*., 370 U.S. at 630 (declining to read Rule 41 as implying a restriction on court's inherent powers and finding that courts may act on their own initiative).

and have a right to an eventual resolution of this case.  The Court's finding that Plaintiffs have abandoned this case is also demonstrated by the fact that Plaintiffs have not made any effort to keep their mailing address current on the Court docket so that they would be able to receive pleadings and Court Orders.  Finally, the public has an interest in the prompt disposal of litigation.  The purpose behind the Civil Justice Reform Act is to "facilitate deliberate adjudication of civil cases on the merits, monitor discovery, improve litigation management, and ensure just, speedy, and inexpensive resolutions of civil disputes."  *See* 28 U.S.C. §471-482.  This civil action has lingered in the Court docket long enough to justify its dismissal under Rule 41(b) and *Ehrenhaus,* and for the above reasons, shall be DISMISSED WITH PREJUDICE.

**SO ORDERED.**[2]

_____
UNITED STATES DISTRICT JUDGE

---

[2] A separate Judgment will be entered.